UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TAMARA JUNGENBERG,

       Plaintiff,

    v.                                     Civil No. 07-312-HA

                                           OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Tamara Jungenberg seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying her application for disability

insurance benefits (DIB) under Title II of the Social Security Act.  This court has jurisdiction to

1- OPINION AND ORDER

review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.

**STANDARD OF REVIEW**

This court must affirm the Commissioner's decision if it is based on proper legal

standards and the findings are supported by substantial evidence in the record as a whole.  42

U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v.

Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (substantial evidence means more than a mere

scintilla but less than a preponderance; such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion).

The Administrative Law Judge (ALJ) is responsible for determining credibility and

resolving conflicts and ambiguities in the evidence.  *Batson*, 359 F.3d at 1193.  The

Commissioner, not the reviewing court, must resolve conflicts in the evidence.  *Benton v.

Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d

715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40 (the

Commissioner's decision must be upheld even if the evidence is susceptible to more than

one rational interpretation).

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quotation and

citation omitted).  This court must uphold the Commissioner's denial of benefits even if the

2- OPINION AND ORDER

evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances where the evidence would support either outcome).

## DISABILITY STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an "inability to engage in any substantial gainful activity (SGA) by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied. If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of

3- OPINION AND ORDER

Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The claimant is entitled to disability benefits if he or she is unable to perform any other work.  20 C.F.R. § 404.1520(f).

The claimant bears the initial burden of establishing his or her disability.  In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  In step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).  If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

4- OPINION AND ORDER

**BACKGROUND**

The relevant background, which is drawn from the extensive administrative record and the ALJ's decision, is summarized here.  Plaintiff was forty-six years old at the time of the ALJ's decision.  She has a high school degree and spent a year and a half in college.  She has past relevant work experience as a receptionist, assistant at an adult day care center, store clerk, cosmetic salesperson, and cake decorator.

Plaintiff applied for DIB on October 1, 2002.  Her application was denied initially and on reconsideration.  Plaintiff requested a hearing before an ALJ; that hearing was held on June 30, 2005.  On July 15, 2006, the ALJ found that plaintiff was not disabled.  The decision became the Commissioner's final decision upon the Appeal Council's denial of review.  *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.  Plaintiff subsequently filed a Complaint seeking this court's judicial review.

Additional facts will be discussed as required by the parties' legal arguments.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date of September 1, 2001.  Tr. 20[1], Finding 1.

At step two, the ALJ found that plaintiff had severe impairments of undifferentiated somatoform disorder, chronic post-traumatic stress disorder, dysthymia, adjustment disorder with both mixed anxiety and depressed mood, and fibromyalgia.  Tr. 20, Finding 2.

---

[1]  Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 22, Finding 3.

At step four, the ALJ found that plaintiff was able to perform her past relevant work. Tr. 29, Finding 5. The ALJ so found after determining that plaintiff had the residual functional capacity to lift twenty pounds occasionally and ten pounds frequently; stand and walk at least one hour at a time; sit at least one hour at a time; perform all postural positions; and work in a variety of environments. Tr. 23-24, Finding 4. Plaintiff also suffers some deficits in memory and concentration, but these can be aided with written instructions. *Id.*

At step five, applying the Medical-Vocational Guidelines as a framework, and based on testimony from the Vocational Expert (VE), the ALJ found that plaintiff was able to perform jobs that exist in significant numbers in the national economy, including copy machine operator and parking lot attendant. Tr. 30, Finding 9.

**DISCUSSION**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. Specifically, plaintiff asserts that the ALJ erred by giving insufficient reasons for: (1) rejecting the testimony of mental health professionals; (2) rejecting the testimony of lay witnesses; and (3) rejecting plaintiff's complaints of psychological and physical impairments. In response, the Commissioner concedes that the case should be remanded so the ALJ can "reconsider the medical source opinions of records as to the effects of post-traumatic stress disorder and fibromyalgia; update Plaintiff's medical records; consider the lay witness statement, and develop the medical record further as necessary." Defendant's Memorandum in Support of Remand, p. 4. Because both parties agree to a remand, this court need only determine whether to remand for

6- OPINION AND ORDER

reconsideration or for an award of benefits.  This decision is a matter of judicial discretion that

turns upon the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1177-79

(9th Cir. 2000).  Such a remand is unnecessary if the record is fully developed and it is clear

from the record that the ALJ would be required to award benefits.  *Holohan v. Massanari*, 246

F.3d 1195, 1210 (9th Cir. 2001).  The rule recognizes "the importance of expediting disability

claims."  *Id*. (citation omitted).  Having considered the evidence, the court concludes that the

record requires further development.

       **1.**      **Medical Testimony**

     Plaintiff contends that the ALJ erred by rejecting the testimony of Chris Hill, M.A.,

Q.M.H.P., and Judy Kloos, a nurse practitioner.  A nurse practitioner's opinion is not considered

an "acceptable medical source," barring concurrent review and signature from a medical doctor.

*See* 20 C.F.R. Section 416.913(a) (listing acceptable medical sources).  As such, the ALJ was

entitled to reject Kloos' opinion for the specified reason that it was unsupported by other

evidence in the record.

     Chris Hill works under the supervision of a psychiatrist and is considered a treating

medical source.  Although the testimony of treating medical sources deserve a great deal of

weight, their opinion is not conclusive as to either a medical condition or the ultimate issue of

disability.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).  If uncontradicted, the

opinion of a treating source can only be rejected for "clear and convincing reasons."  *Rhodes v.

Schweiker*, 660 F.2d 722, 723 (9th Cir.1981).  Where the opinion of the claimant's treating

physician is contradicted by an examining physician, the ALJ must provide "specific, legitimate

reasons" for rejecting the treating source based on "substantial evidence" in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The ALJ set forth two reasons for rejecting the opinion of Chris Hill. First, the ALJ discounted Hill's testimony because it was significantly based on plaintiff's subjective reports. This constitutes a specific, legitimate reason for rejecting the opinion of a treating physician. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Second, the ALJ rejected Hill's testimony because it was inconsistent with a neuropsychological screening performed by Dr. Cheryl Brischetto. Dr. Brischetto examined plaintiff on January 24, 2006, with plaintiff doing "well on formal tests of attention and concentration with one exception on a task of alternating attention." Tr. 737, 750. Dr. Brischetto's results contradict Hill's observations that plaintiff "demonstrated serious limitations with attention and focus as well as not being able to recall simple instructions." Tr. 28, 750. Since Dr. Brischetto's opinion rests on objective clinical testing, it must be viewed as substantial evidence. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The ALJ's reasons for rejecting the testimony of Chris Hill were, therefore, valid.

Plaintiff also contends the ALJ erred by not addressing the testimony of Andrea Cody Russell, a social worker at Western Psychological Counseling Services. Between 1999 and 2005, plaintiff was seen approximately ninety times by various psychologists and counselors at Western Psychological Counseling Services. Plaintiff's Opening Brief, p. 5. Russell had been personally treating the claimant for eight months when she opined, in 2005, that plaintiff could not "work full time, even in the simplest job, without missing more than 2 days per month." Tr. 693.

8- OPINION AND ORDER

Although a social worker is not an "acceptable medical source," their opinion is entitled to consideration as an "other source." 20 C.F.R. § 404.1513(d)(1), Social Security Ruling (SSR) 06-03p. Under Social Security regulations, the adjudicator of a disability claim must consider the opinions of other medical sources and "generally should explain the weight given to [such] opinions . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, *see Quang Van Han*, 882 F.2d at 1457 (acknowledging that "Social Security Rulings do not have the force of law" but that courts "defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Act or regulations"). Like an "acceptable medical source," the opinion of an "other source" like Russell is assessed using several factors. 20 C.F.R. § 404.1527(d) (listing the factors for evaluating opinions from "acceptable medical sources"), SSR 06-03p (applying those same standards to opinion evidence from "other sources"). These factors include the length of the relationship, frequency of treatment, how consistent the opinion is with other evidence, and any other relevant factors. Given both the content of Russell's 2005 letter and its supporting evidence, consideration of Russell's opinion could affect the plaintiff's disability determination.

However, it is not clear Russell's letter was considered by the ALJ. Neither Russell nor Western Psychological Counseling Services is ever mentioned by name in the ALJ's decision. The court notes that Chris Hill, who also worked at Western Psychological Counseling Services, was mentioned by the ALJ. The ALJ's discussion of Hill's opinion, however, does not convince the court that Russell's opinion was also considered by the ALJ.

9- OPINION AND ORDER

Since the ALJ may not have given Russell's opinion the consideration that an "other source" deserves, further proceedings are necessary. On remand, the ALJ should develop the record, thereby allowing a subsequent reviewer to follow the ALJ's reasoning.

**2.    Lay Witnesses**

It is well established that lay witness testimony concerning a claimant's symptoms is competent evidence that the Commissioner must take into account. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) ("Disregard of this evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." ). If an ALJ chooses to disregard such testimony, the ALJ must give "reasons that are germane to each witness." *Dodrill*, 12 F.3d at 919. Here, the ALJ considered the written observations of plaintiff's mother, daughter, and son.

Karen O'Brien, plaintiff's mother, noted that plaintiff needs assistance with grocery shopping, is in constant pain with unpredictable weakness, suffers from fatigue and poor memory, and does not do laundry, yard work, or vacuum. Tr. 128, 129, 134, 157. Jenny Jungenberg, plaintiff's daughter, wrote that plaintiff cannot cook due to pain and has to sleep half the day to recharge. Tr. 154. Chris Jungenberg, plaintiff's son, wrote that her fibromyalgia causes her to be forgetful and struggle to do anything. Tr. 190. In her decision, the ALJ observed that these statements:

> are considered credible to the extent that these persons have accurately reported
> what they have seen, what has been exhibited to them, and what they have been
> told. While they are credible, behavior exhibited or symptoms reported by a
> subject are not an adequate basis to establish disability. As such, the undersigned
> has found the lay testimony to be of limited use in the evaluation of the claimant's
> residual functional capacity. The lay witnesses are not trained to critically

evaluate whether the complaints are exaggerated or inconsistent with the objective evidence.  In addition, they have no demonstrated vocational expertise necessary to support a conclusion the claimant is unable to work.  Furthermore, the lay testimony contrasts sharply with the other evidence of record, which renders it less persuasive.

Tr. 27.

This treatment of the lay witness testimony is insufficient.  First, an ALJ cannot dismiss a lay witness because they are not "trained" or lack "expertise."  Lay witnesses do not need training or expertise to testify about what they have directly observed.  The logic of the ALJ in this case–if allowed–would effectively undermine the testimony of lay witnesses in every case.

Second, the Ninth Circuit has cautioned against the "mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms" because lay witnesses "can often tell whether someone is suffering or merely malingering." *Dodrill,* 12 F.3d at 919.

Third, the ALJ did not provide reasons that were germane to each witness.  As discussed above, it is unacceptable for an ALJ to reject lay testimony due to a lack of expertise or training. And a vague pronouncement that the lay testimony "contrasts sharply with the other evidence of record" is also insufficient.  Although inconsistency with other evidence may be a reason for rejecting lay testimony, greater specificity is required.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that lay testimony was properly treated when the ALJ "accepted the testimony of [claimant's] family and friends that was consistent with the record of [claimant's] activities and the objective evidence in the record" and "rejected portions of their testimony that did not meet this standard.").  On remand, the ALJ should either (a) accept the

11- OPINION AND ORDER

testimony of plaintiff's lay witnesses or (b) reject the testimony of plaintiff's lay witnesses and

provide reasons that are germane to each witness for doing so.

>    **3.        Complaints of the Plaintiff**

Plaintiff also alleges that the ALJ gave insufficient reasons for rejecting plaintiff's claims

of psychological and physical problems.  Since this case will be remanded for further

consideration of claimant's medical and lay testimony, discussion of this issue would be

premature.

**CONCLUSION**

This court concludes that outstanding issues must be resolved before a determination of

disability can be made.  Further proceedings will be useful, and I exercise the discretion of the

court to remand this case for additional administrative proceedings addressing plaintiff's medical

and lay testimony.

For the reasons provided, this court concludes that, pursuant to sentence four of 42

U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR

FURTHER PROCEEDINGS consistent with this Opinion and the parameters provided herein.

>    IT IS SO ORDERED.

>    DATED this  30   day of June, 2008.


>                   /s/ Ancer L. Haggerty
>                   Ancer L. Haggerty
>                   United States District Court


12- OPINION AND ORDER